IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC MCMAHON-HAMMON,                    CV 04-572-BR

    Plaintiff,                     OPINION AND ORDER

v.

CAPTAIN MONTENARO,

    Defendant.


**ERIC MCMAHON-HAMMON**
2123 Kimberly Road
Klamath Falls, OR  97603

    Plaintiff, *Pro se*

**BRUCE L. MOWERY**
1212 Court Street NE
Salem, OR  97301
(503) 763-3841

    Attorney for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant's Motion for Summary Judgment (#22).

In his Complaint, Plaintiff Eric McMahon-Hammon asserts claims for damages against Defendant Captain Montenaro in his individual and official capacity pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendant violated Plaintiff's right under the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment when he placed Plaintiff in an unclean cell without a bed, failed to feed him proper food, and denied him medical attention.

For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

On April 26, 2004, Plaintiff filed his Complaint. On July 12, 2004, Plaintiff filed a Notice of Change of Address with the Clerk of Court. On August 5, 2004, the Court directed the Clerk to send the Order to Issue Process, blank Summons, and U.S. Marshal form to Plaintiff at his new address. On August 18, 2004, Plaintiff issued the Summons on Defendant. On September 2, 2004, Plaintiff filed the Return of Service, U.S. Marshal Form 285, executed on Defendant.

On September 9, 2004, the Court issued a Summary Judgment

Advice Notice in which it informed Plaintiff that Defendant may file a motion for summary judgment. The Court also advised Plaintiff how to oppose a motion for summary judgment if Defendant filed one and the ramifications if Plaintiff failed to oppose any such motion. On November 23, 2004, Defendant served Plaintiff by mail with a Notice that Defendant would depose Plaintiff on January 7, 2005. The Notice of Deposition was not returned undeliverable, but Plaintiff failed to appear for his deposition.

On November 23, 2004, Defendant served Plaintiff by mail with Requests for Admissions. Although these documents did not come back as undeliverable, Plaintiff did not respond to the Requests for Admissions.[1]

On November 24, 2004, Defendant filed a Motion to Compel. On November 30, 2004, the Court ordered Plaintiff to respond to the Motion to Compel by December 17, 2004. Plaintiff did not file a response to the Motion.

On February 4, 2005, Defendant filed a Motion for Summary Judgment in which he alleges, among other things, that all of the alleged violations of Plaintiff's civil rights occurred more than two years before Plaintiff filed his Complaint, and, therefore,

---

[1] Because McMahon-Hammon failed to respond to Defendant's Requests for Admissions, the Court must deem the matters contained in the Requests for Admissions admitted pursuant to Fed. R. Civ. P. 36(a) even though Plaintiff appears *pro se*. *See O'Campo v. Hardisty*, 262 F.2d 621, 623-24 (9th Cir. 1958).

3 - OPINION AND ORDER

Plaintiff's action is barred by the statute of limitations pursuant to *Harding v. Galceran*, 889 F.2d 906 (9th Cir. 1989).

On February 8, 2005, the Court entered an Order requiring Plaintiff to provide answers to Interrogatories no later than February 23, 2005. The Court further ordered Plaintiff to file his response to Defendant's Motion for Summary Judgment by March 7, 2005.

Plaintiff did not provide answers to Interrogatories nor did he file a response to Defendant's Motion for Summary Judgment. Accordingly, the Court deems admitted the facts set forth in Defendant's Concise Statement of Material Facts. *See* LR 56.1(f).

Plaintiff was incarcerated in Klamath Falls County Jail at some point more than two years prior to April 26, 2004,[2] the date he filed his Complaint.

## STANDARDS

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving

---

[2] Neither party specifically identifies the exact date of Plaintiff's incarceration. In his Concise Statement of Facts, Defendant states only that "Each of the events alleged in Plaintiff's Complaint took place more than two years prior to the filing of the Complaint." In light of the fact that Plaintiff did not dispute Defendant's statement and because Plaintiff did not deny this statement in Defendant's Requests for Admissions, the Court finds it sufficient for purposes of Defendant's Motion for Summary Judgment.

4 - OPINION AND ORDER

party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id*.

"[I]f a defendant moving for summary judgment has produced enough evidence to require the plaintiff to go beyond his or her pleadings, the plaintiff must counter by producing evidence of his or her own. If in that circumstance the plaintiff fails to produce evidence, the district court is not required (or even allowed) to assume that the challenged factual allegations in the plaintiff's complaint are true." *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 963 (9th Cir. 2004).

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*.

## DISCUSSION

Plaintiff alleges Defendant violated Plaintiff's rights under the Eight Amendment to be free of cruel and unusual punishment and seeks relief pursuant to 42 U.S.C. § 1983.

The statute of limitations for § 1983 actions is determined by state law. *Harding v. Galceran*, 889 F.2d 906, 907 (9th Cir. 1989), *cert. denied*, 498 U.S. 1082 (1991). Section 1983 actions are characterized as personal injury actions for statute of limitations purposes. *Id.* In Oregon, this period is two years from the date of injury. Or. Rev. Stat. § 12.110(1). *See also Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

It is undisputed the events Plaintiff complains of occurred more than two years before the date Plaintiff filed his Complaint. Accordingly, the Court finds Plaintiff's action is time-barred and, therefore, finds Defendant is entitled to summary judgment.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment (#22).

IT IS SO ORDERED.

DATED this 31st day of May, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

McMahon-Hammon CV 04-572.O&O.05-31-05.wpd